UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB K. NORTHCUTT,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. C16-1350RSM

ORDER GRANTING EAJA FEES

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Attorney Fees and Costs. Dkt. #19. The Commissioner opposes the motion on the basis that her position was substantially justified. Dkt. #21. For the reasons set forth below the Court disagrees with the Commissioner, and GRANTS Plaintiff's motion.

## II.    BACKGROUND

On November 2, 2010, Plaintiff filed an application for disability insurance benefits, alleging disability as of June 1, 2009. *See* Dkt. #9, Administrative Record ("AR") 117. The application was denied upon initial administrative review and on reconsideration. *Id*. An ALJ conducted a hearing on February 29, 2012, finding Mr. Northcutt not disabled. AR 117-27. However, the Appeals Council then granted Mr. Northcutt's request for review, vacated the February 29, 2012, decision, and remanded the matter for further proceedings. AR 133-135 and

205. The same ALJ conducted a second hearing on April 9, 2014, again finding that Mr. Northcutt was not disabled. AR 18-31. The Appeals Council then denied Mr. Northcutt's subsequent request for review, and the ALJ's decision became the Commissioner's final decision. AR 1-6.

In Plaintiff's Opening Brief, Plaintiff maintained that the ALJ erred by: 1) improperly evaluating the opinions of Phyllis Sanchez, PhD; 2) improperly evaluating the opinions of Tatyana Shepel, PsyD; 3) improperly evaluating the July 2012 assessments of Michael Snyder, MD, and Deborah Gaebler, ARNP; 4) improperly evaluating the opinions of mental health clinician Emily Howard; 5) improperly evaluating Mr. Northcutt's credibility; and 6) improperly evaluating the opinions of Christina Diamonti, PsyD. Dkt. #11 at 1.

On March 13, 2017, U.S. Magistrate Judge Brian A. Tsuchida issued his Report and Recommendation ("R&R") in this matter, recommending that it be reversed and remanded for further administrative proceedings. Dkt. #17. Judge Tsuchida found that the ALJ had erred in evaluating certain opinions of Dr. Shepel, Dr. Snyder and Nurse Gaebler, and Dr. Diamonti, and that the ALJ had erred in failing to consider a Sound Mental Health Intake Assessment. Dkt. #17 at 12-18.

Plaintiff filed objections to the R&R, arguing that Judge Tsuchida reach the incorrect conclusion with respect to the ALJ's credibility determination of him. Dkt. #15. The Court was not persuaded that Judge Tsuchida was in error, and adopted the R&R on April 12, 2017. Dkt. #17. The instant motion followed.

### III. DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including

proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for EAJA attorney fees: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" must exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). The burden is on the government to prove substantial justification. *Flores*, 49 F.3d at 569. In evaluating the government's position, the Court must look at both the underlying government conduct and the positions taken by the government during the litigation. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the court need not consider whether the government's litigation position was substantially justified. *Id.* at 872.

"The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). However, a finding that the agency decision was not supported by substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was

reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)); *Meier*, 727 F.3d at 872 (same).

On this motion, the Commissioner asserts in near conclusory manner that her positions on appeal were justified because they had a reasonable basis in fact. With respect to Dr. Shepel, the Commission argues that the lack of clarity in the ALJ's evaluation of Dr. Shepel's opinions suggest a reasonable basis for her position on appeal. With respect to Drs. Snyder and Diamonti and Nurse Gaebler, and the Sound Mental Health Intake Assessment, the Commissioner essentially summarizes her arguments presented to Judge Tsuchida. Dkt. #21 at 3-6.

The Court finds that the Commissioner has failed to meet her burden such that the Court would deny Plaintiff's fee request. While the Court acknowledges that its decision finding the ALJ erred is not alone sufficient to demonstrate an absence of substantial justification, *Kali*, 854 F.2d at 334, those errors constitute a strong indication that the government's underlying position was not substantially justified. Further, nothing persuades the Court that this is the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (9th Cir. 2005) (quotation omitted). Indeed, the government makes no effort in its response to demonstrate as much. *See* Dkt. #21. Accordingly, the Court will grant Plaintiff's motion.

Since the Agency's underlying position was not substantially justified, the Court need not discuss the validity of the government's litigation position on appeal. *Meier*, 727 F.3d at 872-73.

///

///

## IV. CONCLUSION

Having reviewed Plaintiff's motion, the opposition thereto and reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Attorney's Fees (Dkt. #19) is GRANTED.

2. Subject to any offset allowed under the Treasury Offset Program, payment for attorneys' fees in the amount of **$5,818.93** and costs in the amount of **$49.65** shall be made via check to Francisco Rodriguez, and mailed to him at P.O. Box 31844, Seattle, WA 98103.

DATED this 4th day of August, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE